A. Peter Rausch, Jr. (State Bar No. 127930)
LAW OFFICES OF A. PETER RAUSCH, JR.
1930 Tienda Drive, Suite 106
Lodi, California 95242
Telephone:      (209) 952-5000
Facsimile:      (209) 339-8505
E-Mail:         counsel@rausch.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF NICHOLAS A. PIMENTEL,
A.D.P., ESTATE OF DIANE L. PIMENTEL,
MARIA PILAR RIVERA, SUMMER
PIMENTEL, MATTHEW PIMENTEL,
TRAVIS PIMENTEL, and DEREK PIMENTEL

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL, | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** **DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, | |
| Defendants. | |

1

## INTRODUCTION

This action involves the death of NICHOLAS A. PIMENTEL, who was shot and killed by law enforcement officers DARREN VENN and ROSS BAYS, employed by the CITY OF CERES, CERES POLICE DEPARTMENT, and Chief of Police BRENT SMITH.

## JURISDICTION & VENUE

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4.     ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, and SUMMER PIMENTEL filed a government claim with the CITY OF CERES and CERES POLICE DEPARTMENT regarding the claims asserted herein. The government claim was rejected as a matter of law.

## PARTIES

5.     Plaintiff ESTATE OF NICHOLAS A. PIMENTEL ("NICHOLAS A. PIMENTEL"), the decedent, brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff A.D.P. bring this action on behalf of Plaintiff ESTATE OF NICHOLAS A. PIMENTEL, as the successor-in-interest. Plaintiff A.D.P.'s declaration regarding his status as NICHOLAS A. PIMENTEL's successor-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

6.     Plaintiff A.D.P. is a resident of the State of California, County of Stanislaus. Plaintiff

A.D.P. is a minor and proceeds through his guardian <u>ad litem</u>. Plaintiff A.D.P. brings this action (a) on behalf of Plaintiff ESTATE OF NICHOLAS A. PIMENTEL as successor-in-interest, in his representative capacity; and (b) on behalf of himself, in his individual capacity. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his son, Plaintiff A.D.P., and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

7. Plaintiff ESTATE OF DIANE L. PIMENTEL ("DIANE L. PIMENTEL") brings this action pursuant to Cal. Code Civ. Proc. § 377.30. DIANE L. PIMENTEL died on November 6, 2017. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his mother, DIANE L. PIMENTEL, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives. Plaintiffs SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL bring this action on behalf of Plaintiff ESTATE OF DIANE L. PIMENTEL, as the successors-in-interest. Plaintiffs SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL's declaration regarding their status as DIANE L. PIMENTEL's successors-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

8. Plaintiff MARIA PILAR RIVERA is a resident of the State of California, County of Stanislaus. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his domestic partner, Plaintiff MARIA PILAR RIVERA, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

9. Plaintiff SUMMER PIMENTEL is a resident of the State of Florida, County of Marion. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his sister, Plaintiff SUMMER PIMENTEL, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

10. Plaintiff MATTHEW PIMENTEL is a resident of the State of California, County of Stanislaus. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his brother, Plaintiff MATTHEW PIMENTEL, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

11. Plaintiff TRAVIS PIMENTEL is a resident of the State of California, County of Stanislaus. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his brother, Plaintiff TRAVIS PIMENTEL, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

12. Plaintiff DEREK PIMENTEL is a resident of the State of California, County of Stanislaus. Prior to his death, NICHOLAS A. PIMENTEL shared a close relationship and special bond with his brother, Plaintiff DEREK PIMENTEL, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

13. Defendant CITY OF CERES is a "public entity" within the definition of Cal. Gov. Code § 811.2.

14. Defendant CERES POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

15. Defendant BRENT SMITH is, and at all times material herein was, a law enforcement officer and the Chief of Police of Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant BRENT SMITH is sued in his individual capacity.

16. Defendant DARREN VENN is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant DARREN VENN is sued in his individual capacity.

17. Defendant ROSS BAYS is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant ROSS BAYS is sued in his individual capacity.

18. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants CITY OF CERES and/or CERES POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Pimentel v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

substituted when ascertained.

## **GENERAL ALLEGATIONS**

19.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

20.     On or about Sunday, October 22, 2017, at approximately 1:00 a.m., NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA occupied a vehicle. NICHOLAS A. PIMENTEL operated the vehicle and sat in the driver's seat and Plaintiff MARIA PILAR RIVERA sat in the passenger seat.

21.     NICHOLAS A. PIMENTEL allegedly drove through a "Stop" sign without completely coming to a stop in the unincorporated area of Stanislaus County, located between the City of Modesto and the City of Ceres.

22.     A law enforcement vehicle drove behind NICHOLAS A. PIMENTEL's vehicle and activated flashing lights.

23.     NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA were within a few blocks of their residence.

24.     NICHOLAS A. PIMENTEL decided that he would attempt to reach his residence before pulling over.

25.     The law enforcement vehicle following behind NICHOLAS A. PIMENTEL's vehicle was joined by other law enforcement vehicles.

26.     The law enforcement vehicles following NICHOLAS A. PIMENTEL's vehicle were driven and/or occupied by Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

27.      One of the law enforcement vehicles, operated by Defendant DOE 1, performed a Pursuit Intervention Technique ("PIT") maneuver on NICHOLAS A. PIMENTEL's vehicle, causing it to spin-out.

28.     On information and belief, Defendants DOE 26 to 50 ordered, authorized, or otherwise provided permission to Defendant DOE 1 to execute the PIT maneuver.

29.     The vehicle occupied by NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA came to a rest approximately in the vicinity of the intersections of Imperial Avenue and Ustick

5

1    Road.

2          30.    NICHOLAS A. PIMENTEL's vehicle was non-operational.

3          31.    Within moments of NICHOLAS A. PIMENTEL's vehicle coming to a stop, Defendants

4    DARREN VENN, ROSS BAYS, and DOE 1 to 25 began shooting at NICHOLAS A. PIMENTEL's

5    vehicle, without prior warning, provocation, and any reasonable fear of risk or threat to themselves or to

6    others.

7          32.    Inside of the vehicle, as the shots were being fired, NICHOLAS A. PIMENTEL covered

8    Plaintiff MARIA PILAR RIVERA to protect her from being shot.

9          33.    NICHOLAS A. PIMENTEL was shot several times. Plaintiff MARIA PILAR RIVERA

10   was not shot.

11         34.    After the hail of bullets ceased, NICHOLAS A. PIMENTEL told Plaintiff MARIA PILAR

12   RIVERA that he loved her.

13         35.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25 ripped open the doors of

14   the vehicle.

15         36.    Plaintiff MARIA PILAR RIVERA was pulled from the vehicle, arrested, and placed in the

16   backseat of a law enforcement vehicle.

17         37.    NICHOLAS A. PIMENTEL's body was pulled from the vehicle and left on the street.

18         38.    NICHOLAS A. PIMENTEL required immediate medical treatment for the multiple

19   gunshot wounds he sustained.

20         39.    On information and belief, medical attention was not immediately summoned or provided,

21   following the shooting.

22         40.    On information and belief, following the shooting, Defendants DOE 1 to 25 made an

23   unlawful entry into the home of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA and

24   conducted an unlawful search therein for pre-textual evidence that might justify the shooting.

25         41.    On information and belief, Defendants DOE 26 to 50 ordered, authorized, or otherwise

26   provided permission to Defendants DOE 1 to 25 to execute the unlawful entry and search for pre-textual

27   evidence.

28

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

42. Defendant BRENT SMITH, acting as Chief of Police, was a final policy-making authority for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Gov. Code § 38630(a) ("The police department of a city is under the control of the chief of police.").

43. Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants CITY OF CERES and CERES POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

44. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted.

45. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past instances of use of excessive and unreasonable force by law enforcement officers under their command:

   i) Multiple settlements paid by or on behalf of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees to settle litigation. *See Moseley v. City of Ceres*, E.D. Cal. Case No. 1:08-cv-00809-OWW-GSA (settlement of claims alleging that officers shot an unarmed fleeing man in his shoulder and lower back, as he was trying to climb a fence, and then, when he turned with his hands raised to surrender, the officers continued shooting, striking him in the arm and abdomen); *Garcia v. City of Ceres*, E.D. Cal. Case No. 1:08-cv-01720-LJO-SKO (settlement of claims alleging that officers unlawfully entered a residence, repeatedly struck, battered and assaulted multiple occupants, and falsely arrested the occupants); *Jimenez v. City of Ceres*, E.D. Cal. Case No. 1:13-cv-01200-LJO-SMS ($312,500 settlement to resolve claims alleging officer

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Pimentel v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

falsely arrested and broken the arm of a woman by slamming her forcefully against a patrol vehicle while she was handcuffed); *Cadwell v. City of Ceres*, E.D. Cal. Case No. 1:98-cv-06451-DLB (settlement of claims alleging that officer fatally shot an unarmed, fleeing parolee in the back).

ii)      Prior incidents, complaints, and/or pending litigation against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and/or their employees. *See S.T. v. City of Ceres*, E.D. Cal. Case No. 1:16-cv-01713-LJO-BAM (pending litigation alleging officers fatally shot an unarmed, non-threating man who ran away from officers after they attempted to unlawfully detain him and failed to timely summon medical care following the shooting); *Moland v. City of Ceres*, E.D. Cal. Case No. 1:16-cv-01073-LJO-SKO & Stanislaus Cnty. Super. Ct. Case No. 2020043 (pending litigation alleging officer fatally shot a non-threatening man); *Lopez v. City of Ceres*, E.D. Cal. Case No. 1:18-cv-00354-AWI-BAM (pending litigation alleging officers pulled a passenger from a vehicle and violently slammed him to the ground, without cause).

iii)     Prior incidents, complaints, and/or litigation involving Defendant DARREN VENN. *See Buckhanan v. Fisher*, E.D. Cal. Case No. 1:03-cv-06749-LJO (settlement of claims alleging Defendant DARREN VENN did nothing to prevent his partner's assaulting, threatening, and pistol-whipping a non-threatening person); *Brittson v. City of Ceres*, E.D. Cal. Case No. 1:04-cv-05368-LJO-DLB (settlement of claims alleging Defendant DARREN VENN, with other officers, falsely arrested and used excessive force, including a taser, against a non-threatening disabled person).

46.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

47.     On information and belief, additional evidence and information related to Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50's policies, customs, or practices will be sought and obtained during the course of this litigation. On information and

8

belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

48.     The First Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

49.     Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA reallege and incorporate the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

50.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, and/or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

51.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DARREN VENN, ROSS BAYS, DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

52.     Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

53.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA pray for relief as hereunder appears.

## SECOND CLAIM

### False Arrest/Imprisonment

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

54.     The Second Claim is asserted by Plaintiff MARIA PILAR RIVERA against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

55.     Plaintiff MARIA PILAR RIVERA realleges and incorporates the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

56.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff MARIA PILAR RIVERA, without a warrant and without probable cause, and/or failed to intercede and/or were integral participants to the false arrest of Plaintiff MARIA PILAR RIVERA, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

57.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff MARIA PILAR RIVERA's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or

10

1    were wantonly or oppressively done.

2        58.    As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE

3    1 to 25's actions and inactions, Plaintiff MARIA PILAR RIVERA suffered injuries entitling her to

4    receive compensatory and punitive damages against Defendants DARREN VENN, ROSS BAYS, and

5    DOE 1 to 25.

6        WHEREFORE, Plaintiff MARIA PILAR RIVERA prays for relief as hereunder appears.

7                                   **THIRD CLAIM**

8                              **Unreasonable Entry/Search**

9            **(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

10       59.    The Third Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and

11   MARIA PILAR RIVERA against Defendants DOE 1 to 50.

12       60.    Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA

13   reallege and incorporate the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if

14   fully set forth in this Claim.

15       61.    Defendants DOE 1 to 50, acting or purporting to act in the performance of their official

16   duties as law enforcement officers, entered and/or searched NICHOLAS A. PIMENTEL and Plaintiff

17   MARIA PILAR RIVERA's residence, without a warrant and without justification, and/or failed to

18   intercede and/or were integral participants to the entry and/or search of NICHOLAS A. PIMENTEL and

19   Plaintiff MARIA PILAR RIVERA's residence, in violation of their rights secured by the Fourth and

20   Fourteenth Amendments of the U.S. Constitution.

21       62.    Defendants DOE 1 to 50's actions and inactions were motivated by evil motive or intent,

22   involved reckless or callous indifference to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR

23   RIVERA's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were

24   wantonly or oppressively done.

25       63.    As a direct and proximate result of Defendants DOE 1 to 50's actions and inactions,

26   Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries

27   entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 50.

28       WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR

                                          11

RIVERA pray for relief as hereunder appears.

## FOURTH CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

64.    The Fourth Claim is asserted by Plaintiffs A.D.P. and ESTATE OF DIANE L. PIMENTEL against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

65.    Plaintiffs A.D.P. and ESTATE OF DIANE L. PIMENTEL reallege and incorporate the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

66.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs A.D.P. and DIANE L. PIMENTEL's constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution.

67.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs A.D.P. and DIANE L. PIMENTEL's rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

68.    As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiffs A.D.P. and ESTATE OF DIANE L. PIMENTEL suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs A.D.P. and ESTATE OF DIANE L. PIMENTEL pray for relief as hereunder appears.

## FIFTH CLAIM

### Right of Association, Companionship, and Society

### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

69.     The Fifth Claim is asserted by Plaintiffs A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

70.     Plaintiffs A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL reallege and incorporate the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

71.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs A.D.P., DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL's constitutionally-protected right of association, companionship, and society with their parent/child/ domestic partner/sibling, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution.

72.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs A.D.P., DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL's rights secured by the First and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

73.     As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiffs A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK

13

PIMENTEL suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 25.

WHEREFORE, Plaintiffs A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL pray for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable Force

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

74.     The Sixth Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

75.     Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA reallege and incorporate the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

76.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, and/or aided and abetted the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, in violation of their rights secured by art. I, § 13 of the California Constitution.

77.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's rights secured by art. I, § 13 of the California Constitution.

78.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

14

vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

79.     Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL.

80.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling it to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA pray for relief as hereunder appears.

## SEVENTH CLAIM

### False Arrest/Imprisonment

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

81.     The Seventh Claim is asserted by Plaintiff MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 25.

82.     Plaintiff MARIA PILAR RIVERA realleges and incorporates the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

83.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiff MARIA PILAR RIVERA, without a warrant and without probable cause, and/or aided and abetted the false arrest of Plaintiff MARIA PILAR RIVERA, in violation of her rights secured by art. I, § 13 of the California Constitution.

15

84.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

85.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff MARIA PILAR RIVERA.

86.     As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiff MARIA PILAR RIVERA suffered injuries entitling her to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 25, and punitive damages against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

87.     WHEREFORE, Plaintiff MARIA PILAR RIVERA prays for relief as hereunder appears.

EIGHTH CLAIM

Unreasonable Entry/Search

(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

88.     The Eighth Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 50.

89.     Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA reallege and incorporate the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

90.     Defendants DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, entered and/or searched NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's residence, without a warrant and without justification, and/or aided and abetted the entry and/or search of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's residence, in violation of their rights secured by art. I, § 13 of the California Constitution.

91.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

16

vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 50.

92.     Defendants DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

93.     As a direct and proximate result of Defendants DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 50, and punitive damages against Defendants DOE 1 to 50.

94.     WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA pray for relief as hereunder appears.

NINTH CLAIM

Bane Act

(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

95.     The Ninth Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

96.     Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL reallege and incorporate the allegations of the preceding paragraphs 1 to 92, to the extent relevant, as if fully set forth in this Claim.

Unreasonable Force

97.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, used excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, or failed to intercede in, were integral participants to, and/or

17

aided and abetted the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

98.     Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50, acting under color of state law and as policy-making authorities, intentionally and/or with reckless or deliberate indifference, knew or should have known that law enforcement officers under their command, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

99.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

100.     Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

101.     As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

False Arrest/Imprisonment

102.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act

18

in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, falsely arrested Plaintiff MARIA PILAR RIVERA, without a warrant and without probable cause, or failed to intercede, were integral participants, and/or aided and abetted the false arrest of Plaintiff MARIA PILAR RIVERA, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

103.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

104.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff MARIA PILAR RIVERA.

105.    As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiff MARIA PILAR RIVERA suffered injuries entitling her to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 25, and punitive damages against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

<u>Unreasonable Entry/Search</u>

106.    Defendants DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference, entered and/or searched NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's residence, without a warrant and without justification, or failed to intercede, were integral participants, and/or aided and abetted the entry and/or search of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's residence, in violation of their rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

107.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE

19

1 to 50.

108.   Defendants DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

109.   As a direct and proximate result of Defendants DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 50, and punitive damages against Defendants DOE 1 to 50.

<u>Right of Familial Association, Companionship, and Society</u>

110.   Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs A.D.P. and DIANE L. PIMENTEL's constitutionally-protected right of familial association, companionship, and society with their parent/child, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7(a) of the California Constitution.

111.   Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

112.   Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs A.D.P. and DIANE L. PIMENTEL.

113.   As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiffs A.D.P. and ESTATE OF DIANE L. PIMENTEL suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants

20

CITY OF CERES, CERES POLICE DEPARTMENT, and DOE 1 to 25, and punitive damages against Defendants DOE 1 to 25.

Right of Association, Companionship, and Society

114.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against NICHOLAS A. PIMENTEL, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against NICHOLAS A. PIMENTEL, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs A.D.P., DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL's constitutionally-protected right of association, companionship, and society with their parent/child/domestic partner/sibling, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution and art. I, §§ 1 and 7(a) of the California Constitution.

115.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

116.     Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs A.D.P., DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL.

117.     As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions, Plaintiffs A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and DARREN VENN, ROSS BAYS, and DOE 1 to 25, and punitive damages against Defendants DARREN VENN, ROSS BAYS,

21

1    and DOE 1 to 25.

2    WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF

3    DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL,

4    TRAVIS PIMENTEL, and DEREK PIMENTEL pray for relief as hereunder appears.

5    **TENTH CLAIM**

6    **Assault/Battery**

7    **(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

8    118.    The Tenth Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and

9    MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT,

10   DARREN VENN, ROSS BAYS, and DOE 1 to 25.

11   119.    Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA

12   realleges and incorporates the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if

13   fully set forth in this Claim.

14   120.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25 intentionally touched

15   NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, without consent, and that touching

16   constituted use of excessive and unreasonable force, and/or aided and abetted in the intentional touching

17   of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

18   121.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

19   vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts

20   or omissions of their employees acting within the scope of their employment, including Defendants

21   DARREN VENN, ROSS BAYS, and DOE 1 to 25.

22   122.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions

23   constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL and

24   Plaintiff MARIA PILAR RIVERA.

25   123.    As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE

26   1 to 25's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR

27   RIVERA suffered injuries entitling it to receive compensatory damages against Defendants CITY OF

28   CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 25, and

22

1   punitive damages against Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

2        WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR

3   RIVERA pray for relief as hereunder appears.

4   **ELEVENTH CLAIM**

5   **False Arrest/Imprisonment**

6   **(Cal. Gov. Code §§ 815.2(a), 820(a))**

7        124.    The Eleventh Claim is asserted by Plaintiff MARIA PILAR RIVERA against Defendants

8   CITY OF CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to

9   25.

10        125.    Plaintiff MARIA PILAR RIVERA realleges and incorporates the allegations of the

11   preceding paragraphs 1 to 41, to the extent relevant, as if fully set forth in this Claim.

12        126.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, acting or purporting to act

13   in the performance of their official duties as law enforcement officers, falsely detained and arrested

14   Plaintiff MARIA PILAR RIVERA, without a warrant and without probable cause, and/or aided and

15   abetted in the false detention and arrest of Plaintiff MARIA PILAR RIVERA.

16        127.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

17   vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts

18   or omissions of their employees acting within the scope of their employment, including Defendants

19   DARREN VENN, ROSS BAYS, and DOE 1 to 25.

20        128.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25's actions and inactions

21   constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff MARIA PILAR

22   RIVERA.

23        129.    As a direct and proximate result of Defendants DARREN VENN, ROSS BAYS, and DOE

24   1 to 25's actions and inactions, Plaintiff MARIA PILAR RIVERA suffered injuries entitling her to

25   receive compensatory damages against Defendants CITY OF CERES, CERES POLICE

26   DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 25, and punitive damages against

27   Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25.

28        WHEREFORE, Plaintiff MARIA PILAR RIVERA prays for relief as hereunder appears.

23

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Pimentel v. City of Ceres*, United States District Court, Eastern District of California, Case No. _____

1

## TWELFTH CLAIM

2

### Trespass

3

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

4      130.    The Twelfth Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and

5   MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, and

6   DOE 1 to 50.

7      131.    Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA

8   reallege and incorporate the allegations of the preceding paragraphs 1 to 41, to the extent relevant, as if

9   fully set forth in this Claim.

10      132.    Defendants DOE 1 to 50, acting or purporting to act in the performance of their official

11   duties as law enforcement officers, intentionally, recklessly, or negligently entered Plaintiffs ESTATE

12   OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA's property, without a warrant, probable

13   cause, or permission, and/or aided and abetted in the entry of Plaintiffs ESTATE OF NICHOLAS A.

14   PIMENTEL and MARIA PILAR RIVERA's property.

15      133.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and

16   vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts

17   or omissions of their employees acting within the scope of their employment, including Defendants

18   DARREN VENN, ROSS BAYS, and DOE 1 to 25.

19      134.    Defendants DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or

20   malice resulting in great harm to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

21      135.    As a direct and proximate result of Defendants DOE 1 to 50's actions and inactions,

22   Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries

23   entitling them to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE

24   DEPARTMENT, and DOE 1 to 50, and punitive damages against Defendants DOE 1 to 50.

25      WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR

26   RIVERA pray for relief as hereunder appears.

27

28

### THIRTEENTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code §§ 815.2(a), 820(a))

136.     The Thirteenth Claim is asserted by Plaintiff MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

137.     Plaintiff MARIA PILAR RIVERA realleges and incorporates the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

138.     Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, as described, and, as a result of that outrageous conduct, Plaintiff MARIA PILAR RIVERA did suffer severe emotional distress.

139.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

140.     Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff MARIA PILAR RIVERA.

141.     As a direct and proximate result of Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiff MARIA PILAR RIVERA suffered injuries entitling her to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

WHEREFORE, Plaintiff MARIA PILAR RIVERA prays for relief as hereunder appears.

## FOURTEENTH CLAIM

### Negligence

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

142.    The Seventh Claim is asserted by Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

143.    Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA reallege and incorporate the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

144.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25 owed NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA a duty of care and breached that duty by (i) using excessive and unreasonable force against NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force, and/or aiding and abetting in the use of excessive and unreasonable force; (ii) falsely arresting Plaintiff MARIA PILAR RIVERA, and/or aiding and abetting in the false arrest of Plaintiff MARIA PILAR RIVERA; and (iii) conducting unlawful entries and searches on NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's property, and/or aiding and abetting in unlawful entry and search of NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's property.

145.    Defendants BRENT SMITH and DOE 26 to 50 owed NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25, who were incompetent or unfit, and where Defendants BRENT SMITH and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25 created a particular risk or hazard that caused NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA's injuries.

146.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts

26

or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

147.    Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to NICHOLAS A. PIMENTEL and Plaintiff MARIA PILAR RIVERA.

148.    As a direct and proximate result of Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL and MARIA PILAR RIVERA pray for relief as hereunder appears.

## FIFTEENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))

149.    The Eighth Claim is asserted by Plaintiffs A.D.P. and MARIA PILAR RIVERA against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

150.    Plaintiffs A.D.P. and MARIA PILAR RIVERA reallege and incorporate the allegations of the preceding paragraphs 1 to 47, to the extent relevant, as if fully set forth in this Claim.

151.    Defendants DARREN VENN, ROSS BAYS, and DOE 1 to 25 owed Plaintiffs A.D.P. and MARIA PILAR RIVERA a duty of care and breached that duty by using excessive and unreasonable force against NICHOLAS A. PIMENTEL, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force, causing NICHOLAS A. PIMENTEL's death.

152.    Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 owed Plaintiffs A.D.P. and MARIA PILAR RIVERA a duty of care and breached that

27

duty by hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25, who were incompetent or unfit, and where Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 26 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants DOE 1 to 25 created a particular risk or hazard, causing NICHOLAS A. PIMENTEL's death.

153.    Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

154.    Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs A.D.P. and MARIA PILAR RIVERA.

155.    As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50's actions and inactions, Plaintiffs A.D.P. and MARIA PILAR RIVERA suffered injuries entitling them to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50.

WHEREFORE, Plaintiffs A.D.P. and MARIA PILAR RIVERA pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL seek Judgment as follows:

1.    For an award of compensatory, general, and special damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOE 1 to 50, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants BRENT SMITH,

DARREN VENN, ROSS BAYS, and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.      For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: September 5, 2018                              Respectfully Submitted,

By: _____
      Mark E. Merin
      Paul H. Masuhara
      LAW OFFICE OF MARK E. MERIN
      1010 F Street, Suite 300
      Sacramento, California 95814
      Telephone:      (916) 443-6911
      Facsimile:      (916) 447-8336

      A. Peter Rausch, Jr.
      LAW OFFICES OF A. PETER RAUSCH, JR.
      1930 Tienda Drive, Suite 106
      Lodi, California 95242
      Telephone:      (209) 952-5000
      Facsimile:      (209) 339-8505

      Attorneys for Plaintiffs
      ESTATE OF NICHOLAS A. PIMENTEL,
      A.D.P., ESTATE OF DIANE L. PIMENTEL,
      MARIA PILAR RIVERA, SUMMER
      PIMENTEL, MATTHEW PIMENTEL,
      TRAVIS PIMENTEL, and DEREK PIMENTEL

1

### JURY TRIAL DEMAND

2      A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF NICHOLAS A.

3   PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER

4   PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL, and DEREK PIMENTEL.

5   Dated: September 5, 2018                  Respectfully Submitted,

6

7

8                                            By: _____
                                                Mark E. Merin
9                                               Paul H. Masuhara
                                                LAW OFFICE OF MARK E. MERIN
10                                              1010 F Street, Suite 300
                                                Sacramento, California 95814
11                                              Telephone:      (916) 443-6911
                                                Facsimile:      (916) 447-8336
12
                                                A. Peter Rausch, Jr.
13                                              LAW OFFICES OF A. PETER RAUSCH, JR.
                                                1930 Tienda Drive, Suite 106
14                                              Lodi, California 95242
                                                Telephone:      (209) 952-5000
15                                              Facsimile:      (209) 339-8505

16                                              Attorneys for Plaintiffs
                                                ESTATE OF NICHOLAS A. PIMENTEL,
17                                              A.D.P., ESTATE OF DIANE L. PIMENTEL,
                                                MARIA PILAR RIVERA, SUMMER
18                                              PIMENTEL, MATTHEW PIMENTEL,
                                                TRAVIS PIMENTEL, and DEREK PIMENTEL
19

20

21

22

23

24

25

26

27

28