**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
BRUCE D. PRAET SBN 119430
bpraet@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
CITY OF CERES, CERES POLICE DEPARTMENT,
BRENT SMITH, DARREN VENN and ROSS BAYS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF NICHOLAS A. PIMENTEL, A.D.P., ESTATE OF DIANE L. PIMENTEL, MARIA PILAR RIVERA, SUMMER PIMENTEL, MATTHEW PIMENTEL, TRAVIS PIMENTEL and DEREK PIMENTEL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, DARREN VENN, ROSS BAYS, and DOES 1 to 50,<br><br>Defendants. | No. 1:18-cv-01203-DAD-EPG<br><br>Hon. Dale A. Drozd<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER;**<br><br>Date       : March 19, 2019<br>Time       : 9:30 a.m.<br>Courtroom  : 5 - 7th Floor |

**TO PLAINTIFF AND TO HIS ATTORNEY(S) OF RECORD**:

PLEASE TAKE NOTICE that on <u>March 19, 2019</u>, at <u>9:30</u> a.m., in Courtroom 5 before Judge Dale A. Drozd of the United States District Court, located at 2500 Tulare Street, Fresno, California, Defendants City of Ceres, Ceres Police Department, Brent Smith, Darren Venn and Ross Bays will, and hereby do, move this Court for an order dismissing Plaintiffs' complaint, pursuant to *Federal Rules of Civil Procedure* 12(c), for the following reasons:

1

1. Suing the Ceres Police Department, a department of the City of Ceres, is duplicative of suing the City of Ceres and the Ceres Police Department must be dismissed from this litigation with prejudice. *Abeytia v. Fresno Police Dep't.*, 2009 U.S. Dist. LEXIS 49500, *25 (E.D. Cal. 2009); *Mistriel v. Kern County*, 2011 U.S. Dist. LEXIS 24579, *11 (E.D. Cal. 2011).

2. Defendant Brent Smith, the Chief of Police of the City of Ceres Police Department, must be dismissed from this litigation with prejudice because suing a city employee in his official capacity duplicative of suing the city itself and there are no allegations to support any claims against Chief Smith in his individual capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985).

3. To the extent that Plaintiffs are seeking to allege a *Monell* claim (Dkt. No. 1 at 7-9), such claims have not been specifically identified as separate causes of action and the allegations set forth fail to state a *Monell* claim under any theory, including that of supervisory liability and inadequate training, therefore, the *Monell* claims and the City of Ceres must be dismissed from this litigation. *Monell v. Dept. Of Soc. Servs.*, 436 U.S. 658 (1978); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

4. Plaintiffs' Fourth and Fifth causes of action for right of intimate association are duplicative because "we analyze the right of intimate association in the same manner regardless whether we characterize it under the *First* or *Fourteenth Amendments* ..." *Mann v. City of Sacramento*, 2018 U.S. App. LEXIS 25462, *6, ___ Fed. Appx. ___, (9th Cir. 2018). Further, such claims are not available to Plaintiffs Estate of Diane L. Pimentel (estate of deceased mother), Maria Pilar Rivera, Summer Pimentel, Matthew Pimentel, Travis Pimentel or Derek Pimentel, identified as the brothers, sister and girlfriend of decedent (Dkt. No. 1, ¶¶8-12) as set forth below:

Plaintiff Estate of Diane L. Pimental lacks standing to bring a cause of action under either theory because these claims were brought *after* the death of

1  Diane L. Pimentel and *Cal. Code of Civ. Proc.* § 377.60, et seq. provides that such
2  claims based on the wrongful death of another may be brought only by certain
3  family members which does not include deceased family members.
4     Plaintiffs Maria Pilar Rivera, Summer Pimentel, Matthew Pimentel, Travis
5  Pimentel and Derek Pimentel, identified as the brothers, sister and girlfriend of
6  decedent (Dkt. No. 1, ¶¶8-12) lack standing to bring such claims under either
7  theory because such rights, regardless of whether they are alleged either under the
8  *First* or *Fourteenth Amendment*, are not available to anyone other than a parent or
9  child.  *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991); *Wheeler v. City of*
10 *Santa Clara*, 894 F.3d 1046 (9th Cir. 2018); *Mann v. City of Sacramento*, 2018
11 U.S. App. LEXIS 25462, ___ Fed. Appx. ___, (9th Cir. 2018); *Piper v. Cabillo*,
12 670 Fed. Appx. 507 (2016).
13     Further, Maria Pilar Rivera does not fall within the definition of a "domestic
14 partner" of decedent pursuant to California law to be able to assert such claims.
15     5.  Plaintiffs' Sixth, Seventh and Eighth causes of action brought under
16 Article I, § 13 of the California Constitution for unreasonable force, false arrest
17 and unlawful search fail to state a claim upon which relief may be granted because
18 that provision does not provide a cause of action for monetary damages.  *Ohlsen v.*
19 *County of San Joaquin*, 2008 U.S. Dist. LEXIS 44566 (E.D. Cal. June 3, 2008).
20     6.  Plaintiffs' Ninth cause of action for violation of the Bane Act (*Cal. Civ.*
21 *Code* § 52.1) can be alleged only by the decedent's estate (or successor in interest)
22 for decedent's own injuries and by Plaintiff Maria Pilar Rivera for her own
23 injuries.  Therefore, the claims of Plaintiffs' Estate of Diane L. Pimentel, A.D.P.,
24 Summer Pimentel, Matthew Pimentel, Travis Pimentel and Derek Pimentel under
25 this cause of action must be dismissed with prejudice.  *Bay Area Rapid Transit*
26 *District v. Superior Court of Alameda County*, 38 Cal. App. 4th 141, 144 (1995);
27 *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077 (2003); *Shoyoye v.*
28 *County of Los Angeles*, 203 Cal. App. 4th 947 (2012); *Estate of Crawley v. Kings*

*County*, 2014 U.S. Dist. LEXIS 71407 (E.D. Cal. May 23, 2014); *Reese v. City of Sacramento*, 888 F.3d 1030 (9th Cir. 2018).

7. Plaintiff Estate of Nicholas A. Pimentel lacks standing to bring a claim under Plaintiffs' Twelfth cause of action for trespass because the damages recoverable for such a claim are limited to the loss or damage that the decedent sustained or incurred *before* death. *Cal. Code of Civ. Proc.* § 377.34.

8. Plaintiff Maria Pilar Rivera' claim under Plaintiffs' Fifteenth cause of action for wrongful death is improper given the superior rights of Plaintiff A.D.P. (Dkt. No. 1-2). *Cal. Code of Civ. Proc.* §§ 377.32, 377.60.

In addition, although Plaintiffs' Complaint alleges that Maria Pilar Rivera was the "domestic partner" of decedent, that is insufficient under *Cal. Code of Civ. Proc.* § 377.60, et seq. In order to bring a wrongful death action she must have been "in a registered domestic partnership established in accordance with subdivision (b) of Section 297 of the Family Code" at the time of decedent's death. *Cal. Code of Civ. Proc.* § 377.60(f)(1). It is Plaintiffs' burden to prove standing to assert a claim.

9. Plaintiffs appear to have alleged unenumerated and duplicative claims at pages 17-22 of their Complaint (e.g. "Unreasonable Force," "False Arrest/Imprisonment," "Unreasonable Entry/Search," "Right of Familial Association, Companionship, and Society," "Right of Association, Companionship, and Society"). To the extent that these are allegations intended to support Plaintiffs' Bane Act claim[1] they are duplicative, superfluous and unnecesssary. In either case, these allegations should be dismissed and/or stricken.

---

[1] During the meet and confer process, Plaintiffs' counsel Paul Masuhara stated that these allegations are intended to support Plaintiffs' Ninth cause of action for claims under the Bane Act. However, the Bane Act does not apply to allegations of rights to association or any claims of any Plaintiffs other than the decedent and Maria Pilar Rivera.

1  This motion will be based upon this Notice of Motion, the Memorandum of
2  Points and Authorities in support thereof, the complete files and records of this
3  action, and upon such oral and documentary evidence as may be presented at the
4  hearing on this motion.
5
6  DATED: February 19, 2019     FERGUSON, PRAET & SHERMAN, APC
7                               /s/ Allen Christiansen
                                 Allen Christiansen, SBN 263651
8                                Attorneys for Defendant City of Ceres, Ceres
                                 Police Department, Brent Smith, Darren Venn and
9                                Ross Bays

28 ///

DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE PLEADINGS

## MEET AND CONFER COMPLIANCE

On February 6, 2019, and again on February 11, 2019, defense counsel sent a meet and confer letter and a follow-up meet and confer letter via email and regular mail to Plaintiffs' counsel which provided the issues and authorities supporting a motion for judgment on the pleadings as to certain parties and causes of action. That meet and confer letter requested that counsel speak by telephone regarding these issues. Instead, the generic response of Plaintiffs' counsel on both occasions was to send back a letter declaring that counsel disagreed with each and every issue raised by defense counsel and, on that basis, refusing to withdraw any claims or parties. In addition, defense counsel contacted Plaintiffs' counsel, Paul Masuhara, on February 12, 2019 to further discuss the substance of the motion and the parties could not reach an agreement.

DATED: February 19, 2019        FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen, SBN 263651
Attorneys for Defendant City of Ceres, Ceres Police Department, Brent Smith, Darren Venn and Ross Bays