1 | **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
BRUCE D. PRAET SBN 119430
2 | bpraet@aol.com
ALLEN CHRISTIANSEN SBN 263651
3 | achristiansen@law4cops.com
1631 E. 18th Street
4 | Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143
5 |
6 | Attorneys for Defendants
CITY OF CERES, CERES POLICE DEPARTMENT,
7 | BRENT SMITH, DARREN VENN and ROSS BAYS
8 |
  | UNITED STATES DISTRICT COURT
9 |
  | EASTERN DISTRICT OF CALIFORNIA
10 |
11 | ESTATE OF NICHOLAS A.      )   No.  1:18-cv-01203-DAD-EPG
    | PIMENTEL, A.D.P., ESTATE OF )
12 | DIANE L. PIMENTEL, MARIA    )   Hon. Dale A. Drozd
    | PILAR RIVERA, SUMMER        )
13 | PIMENTEL, MATTHEW           )   **MEMORANDUM OF POINTS**
    | PIMENTEL, TRAVIS PIMENTEL   )   **AND AUTHORITIES IN**
14 | and DEREK PIMENTEL,         )   **SUPPORT OF MOTION FOR**
    |                            )   **JUDGMENT ON THE**
15 |              Plaintiffs,     )   **PLEADINGS PURSUANT TO**
    |                            )   **FEDERAL RULE OF CIVIL**
16 |     vs.                      )   **PROCEDURE 12(C);**
    |                            )
17 |                            )   Date       : March 19, 2019
    | CITY OF CERES, CERES POLICE )   Time       : 9:30 a.m.
18 | DEPARTMENT, BRENT SMITH,    )   Courtroom  : 5 - 7th Floor
    | DARREN VENN, ROSS BAYS, and )
19 | DOES 1 to 50,               )
    |                            )
20 |              Defendants.     )
    | _____ )
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 | ///

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1

<u>Table of Contents</u>

2

3

I.      INTRODUCTION AND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PLAINTIFFS FAIL TO STATE ANY COGNIZABLE CLAIMS AS
        REQUIRED BY THE FEDERAL RULES AND THE HOLDINGS OF
        *TWOMBLY* AND *IQBAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    THE CERES POLICE DEPARTMENT IS NOT A PROPER PARTY AND IS
        DUPLICATIVE OF SUING THE CITY OF CERES AND MUST BE
        DISMISSED FROM THIS LITIGATION WITH PREJUDICE. . . . . . . . . . 3

IV.     PLAINTIFFS' HAVE ALLEGED NO CLAIMS UPON WHICH RELIEF
        MAY BE GRANTED AS TO CHIEF BRENT SMITH AND HE MUST BE
        DISMISSED FROM THIS LITIGATION. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.      PLAINTIFFS' FOURTH AND FIFTH CAUSES OF ACTION ARE
        DUPLICATIVE AND ARE ALLEGED BY PARTIES THAT LACK
        STANDING TO BRING SUCH CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Plaintiffs' Fifth Cause of Action is Duplicative of their Fourth Cause of
                Action and Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      Estate of Diane L. Pimentel Lacks Standing to Bring Claims Under
                Either Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.      The Brothers, Sister and Girlfriend of Decedent Lack Standing to Bring
                Claims Under Either Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     PLAINTIFFS' SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION
        BROUGHT UNDER ARTICLE I § 13 OF THE CALIFORNIA
        CONSTITUTION MUST BE DISMISSED WITH PREJUDICE . . . . . . . 8

VII.    PLAINTIFFS, OTHER THAN ESTATE OF NICHOLAS A. PIMENTEL AND
        MARIA PILAR RIVERA, HAVE NO VIABLE CLAIMS UNDER THE
        BANE ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

VIII.   PLAINTIFF ESTATE OF NICHOLAS A. PIMENTEL FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO THE TWELFTH CAUSE OF ACTION FOR TRESPASS . . . . . . . . . . . . . . . . 10

IX.   PLAINTIFF MARIA PILAR RIVERA FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO THE FIFTEENTH CAUSE OF ACTION FOR WRONGFUL DEATH . . . . . . . . . . . . . . . . . . . . . . . . . . 11

X.   PLAINTIFFS' DUPLICATIVE, SUPERFLUOUS AND UNNECESSARY ALLEGATIONS AT PAGES 17 THROUGH 22 SHOULD BE DISMISSED AND/OR STRICKEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XI.   PLAINTIFFS' *MONELL* CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . 13

   A.   Plaintiffs' *Monell* Claim Based on Training Fails to State a Claim Upon which Relief may be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   B.   Plaintiffs' Allegations of a Lack of Policy Fail to State a Claim Upon which Relief may be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

   C.   Plaintiffs' *Monell* Claim Based on Supervisory Liability Fails to State a Claim Upon which Relief may be Granted. . . . . . . . . . . . . . . . . . . 17

XII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

# Table of Authorities

**Federal Cases**                                                                                                                  Page

*Abeytia v. Fresno Police Dep't.* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 49500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*AE ex rel. Hernandez v. City of Tulare* (9th Cir. 2012)
666 F.3d 631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Aschroft v. Iqbal* (U.S. 2009)
556 U.S. 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bay Area Rapid Transit District v. Superior Court of Alameda Cty.* (9th Cir. 1995)
38 Cal. App. 4th 141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atlantic Corp. v. Twombly* (U.S. 2007)
550 U.S. 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Blacklund v. Barnhart* (9th Cir. 1985)
778 F.2d 1386 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Board of County Commissioner v. Brown* (U.S. 1997)
520 U.S. 397 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Brown v. County of Kern* (E.D. Cal. Feb. 26, 2008)
2008 U.S. Dist. LEXIS 14216 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Canas v. City of Sunnyvale* (N.D. Cal. Jan. 19, 2011)
2011 U.S. Dist. LEXIS 4942 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Cangress v. City of Los Angeles* (C.D. Cal. Mar. 22, 2016)
2016 U.S. Dist. LEXIS 192571 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*City of Canton v. Harris* (U.S. 1989)
489 U.S. 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*City of Oklahoma City v. Tuttle* (U.S. 1985)
471 U.S. 808 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*City of Simi Valley v. Superior Court* (9th Cir. 2003)
111 Cal. App. 4th 1077 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cousins v. Lockyer* (9th Cir. 2009)
568 F.3d 1063 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Duenas v. County of Imperial* (S.D. Cal. Mar. 9, 2015)
2015 U.S. Dist. LEXIS 182191 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Dworkin v. Hustler Magazine* (9th Cir. 1989)
867 F.2d 1188 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fantasy, Inc. v. Fogerty* (9th Cir. 1993)
984 F.2d 1524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fields v. Legacy Health Sys.* (9th Cir. 2005)
413 F.3d 943 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Galen v. County of Los Angeles* (9th Cir. 2007)
477 F.3d 652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Harvey v. City of Fresno* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 89519 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hayes v. County of San Diego* (9th Cir. 2013)
736 F.3d 1223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Henderson v. City and County of San Francisco* (N.D. Cal. Dec. 1, 2006)
2006 U.S. Dist. LEXIS 87262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hillblom v. County of Fresno* (E.D. Cal. 2008)
539 F. Supp. 2d 1192 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jarreau-Griffin v. City of Vallejo* (E.D. Cal. Dec. 9, 2013)
2013 U.S. Dist. LEXIS 172886 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Kelson v. Springfield.* (9th Cir. 1985)
767 F.2d 651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kentucky v. Graham* (1985)
473 U.S. 159 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kokkonen v. Guardian Life Ins. Co. of Am..* (1994)
511 U.S. 375 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Luke v. Abbot* (C.D. Cal. 1997)
954 F. Supp. 202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mann v. City of Sacramento* (9th Cir. 2018)
2018 U.S. App. LEXIS 25462, ___ Fed. Appx. ___ . . . . . . . . . . . . . . . . . . 5, 6, 7

*Meehan v. County of Los Angeles* (9th Cir. 1988)
856 F.2d 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Merritt v. County of Los Angeles* (9th Cir. 1989)
875 F.2d 765 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Mistriel v. Kern County* (E.D. Cal. 2011)
2011 U.S. Dist. LEXIS 24579 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Monell v. Dep't of Soc. Servs.* (U.S. 1978)
436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 16, 17

*Mong Kim Tran v. City of Garden Grove* (C.D. Cal. Feb. 7, 2012)
2012 U.S. Dist. LEXIS 15606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ohlsen v. County of San Joaquin* (E.D. Cal. June 3, 2008)
2008 U.S. Dist. LEXIS 44566 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pembaur v. Cincinnati* (U.S. 1986)
475 U.S. 469 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

*Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers* (S.D. Tex 2003)

3

251 F. Supp. 2d 1354 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4

*Piper v. Cabillo* (9th Cir. 2016)

5

670 Fed. Appx. 507 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6

*Reese v. City of Sacramento* (9th Cir. 2018)

7

888 F.3d 1030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8

*Rivera v. County of San Diego* (C.D. Cal. Dec. 5, 2016)

9

2016 U.S. Dist. LEXIS 194314 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10

*Sanchez v. City of Fresno* (E.D. Cal. 2012)

11

914 F. Supp. 2d 1079 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12

*Silvas v. E\*trade Mortgage Corp.* (9th Cir. 2008)

13

514 F.3d 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

14

*Starr v. Baca* (9th Cir. 2010)

15

652 F.3d 1202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

16

*Taylor v. List* (9th Cir. 1989)

17

880 F.2d 1040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

*Ward v. City of San Jose* (9th Cir. 1991)

19

967 F.2d 280 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20

*Weber v. Department of Veterans Affairs* (9th Cir. 2008)

21

512 F.3d 1178 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

22

*Whitaker v. Garcetti* (9th Cir. 2007)

23

486 F.3d 572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24

*Wheeler v. City of Santa Clara* (9th Cir. 2018)

25

894 F.3d 1046 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010)
618 F.3d 970 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ybarra v. Reno Thunderbird Mobile Home Village* (9th Cir. 1984)
723 F.2d 675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Young v. City of Visalia* (E.D. Cal. 2009)
687 F. Supp. 2d 1141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


<u>Statutes</u>                                                                                      <u>Page</u>
*42 U.S.C. § 1983* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim.*

*Federal Rule of Civil Procedure Rule 12* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*California Civil Code Section 52.1(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*California Code of Civil Procedure Section 377.34* . . . . . . . . . . . . . . . . . . . . . . 10

*California Code of Civil Procedure Section 377.60* . . . . . . . . . . . . . . . . . 6, 11, 12

*California Constitution Article I, Section 13* . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### I.   INTRODUCTION AND FACTS

Plaintiffs bring this action for damages resulting from an officer involved shooting that occurred in the early morning hours of October 22, 2017, wherein decedent Nicholas A. Pimentel, with his girlfriend Maria Pilar Rivera as a passenger, fled from police officers requiring officers to conduct a Pursuit Intervention Technique ("PIT") on Pimentel's vehicle.  (Dkt. No. 1, ¶¶20-31).

Based upon that single incident, Plaintiffs allege some fifteen (15) separate causes of action on behalf of persons and parties who were not present during the incident and lack standing to bring the claims alleged (e.g. brothers, sisters, deceased mother and girlfriend).  (Dkt. No. 1, ¶¶5-12).  As set forth herein, the brothers, sister and estate of the deceased mother lack standing to bring the claims alleged and must be dismissed with prejudice from this litigation.

Further, the estate of decedent has alleged claims for which the estate lacks standing as has Plaintiff Maria Pilar Rivera, the decedent's girlfriend, in addition to the parties having failed to file the necessary declarations and government tort claims on their own behalf.

For all of the reasons set forth herein, certain claims and parties must be dismissed from this litigation, many or all with prejudice as further amendment cannot cure the deficiencies set forth.

### II.   PLAINTIFFS FAIL TO STATE ANY COGNIZABLE CLAIMS AS REQUIRED BY THE FEDERAL RULES AND THE HOLDINGS OF *TWOMBLY* AND *IQBAL*

Pursuant to *Fed. R. Civ. P.* Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Rule 12(c) may be used to raise a defense of "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* Rule 12(h)(2).  As such, the essential

1

1   difference between Rules 12(c) and 12(b)(6) are that a Rule 12(b)(6) must be raised
2   prior to the filing of an answer.  *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192
3   (9th Cir. 1989).  "The standard for deciding motions under Rule 12(b)(6) and Rule
4   12(c) are the same." *Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers, Local No.*
5   *682*, 251 F. Supp. 2d 1354 (S.D. Tex. 2003).

6        In considering a motion to dismiss, "'All allegations of material fact [in the
7   complaint] are taken as true and construed in the light most favorable to the
8   nonmoving party.' ... Although 'conclusory allegations of law and unwarranted
9   inferences are insufficient' to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*,
10  568 F.3d 1063, 1067 (2009); Citing *Silvas v. E*trade Mortgage Corp.*, 514 F.3d
11  1001, 1003-04 (9th Cir. 2008) and *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950
12  (9th Cir. 2005).

13       While "'a complaint need not contain detailed factual allegations ... **it must**
14  **plead 'enough facts to state a claim to relief that is plausible on its face**.'" *Id*. at
15  1067-8 (emphasis added); Citing *Weber v. Department of Veterans Affairs*, 512 F.3d
16  1178, 1181 (9th Cir. 2008) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
17  (U.S. 2007).

18       "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal
19  conclusion couched as a factual allegation' ... Factual allegations must be enough to
20  raise a right to relief above the speculative level." *Twombly* at 555.

21       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
22  need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of
23  his 'entitle[ment] to relief' requires more than labels and conclusions, and **a**
24  **formulaic recitation of the elements of a cause of action will not do**." *Twombly* at
25  555 (emphasis added.)

26       "While legal conclusions can provide the framework of a complaint, they **must**
27  **be supported by factual allegations**." *Aschroft v. Iqbal*, 556 U.S. 662, 664 (U.S.
28  2009) (emphasis added.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1    In other words, the complaint must state enough facts to provide a cognizable

2 claim for relief.  A complaint that simply recites the elements of a cause of action,

3 provides only conclusory allegations or fails to allege facts sufficient to state a claim

4 for relief is not sufficient to survive a motion to dismiss or, in this case, a motion for

5 judgment on the pleadings.

6 **III.   THE CERES POLICE DEPARTMENT IS NOT A PROPER PARTY**

7 **AND IS DUPLICATIVE OF SUING THE CITY OF CERES AND MUST**

8 **BE DISMISSED FROM THIS LITIGATION WITH PREJUDICE**

9    "[M]unicipal *departments* and *sub-units* of local governments ... are not

10 generally considered 'persons' within the meaning of Section 1983." *Mistriel v. Kern*

11 *County*, 2011 U.S. Dist. LEXIS 24579, *10 (E.D. Cal. 2011); See also *Harvey v. City*

12 *of Fresno*, 2009 U.S. Dist. LEXIS 89519 (E.D. Cal. 2009) and *Abeytia v. Fresno*

13 *Police Dep't.*, 2009 U.S. Dist. LEXIS 49500 (E.D. Cal. 2009).

14    "Naming the [Ceres Police Department], which is a department of the City, as

15 a defendant is redundant to naming the [City of Ceres] as a defendant." *Abeytia* at

16 *25.  "Therefore, these departments and sub-units should be dismissed as improper

17 defendants under Section 1983." *Mistriel* at *11.

18    Based on the aforementioned authority, not only is the Ceres Police Department

19 and improper party as it relates to section 1983 claims, as a department of the City the

20 claims against it are redundant to those claims against the City of Ceres.  Therefore,

21 the Ceres Police Department must properly be dismissed from this litigation with

22 prejudice.

23 **IV.   PLAINTIFFS' HAVE ALLEGED NO CLAIMS UPON WHICH RELIEF**

24 **MAY BE GRANTED AS TO CHIEF BRENT SMITH AND HE MUST BE**

25 **DISMISSED FROM THIS LITIGATION**

26    Plaintiffs identify Defendant Brent Smith as "the Chief of Police of Defendants

27 City of Ceres and Ceres Police Department."  Plaintiffs further allege that "Defendant

28 Brent Smith is sued in his individual capacity."  (Dkt. No. 1, ¶15).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1    However, the allegations set forth by Plaintiffs against Chief Smith appear to

2    be solely against him in his official capacity[1], to wit, "Defendant Brent Smith, acting

3    as Chief of Police, was a final <u>policy-making authority</u>," (Dkt. No. 1, ¶ 42)(emphasis

4    added), "knew or should have known that subordinate law enforcement officers ...

5    were inadequately trained, supervised, or disciplined resulting from either the lack of

6    proper training <u>pursuant to policy, or the result of the lack of policy</u>," (Dkt. No. 1, ¶

7    44)(emphasis added), "[was] or should have been on notice of these <u>policies, customs</u>

8    <u>or practices, or the inadequacy of the policies, customs or practices</u>," (Dkt. No. 1, ¶

9    45)(emphasis added), "[was] or should have been on notice regarding ... <u>policies,</u>

10   <u>customs or practices</u>." (Dkt. No. 1, ¶ 46)(emphasis added).

11   A suit against the Chief of Police in his official capacity is duplicative of a

12   claim against the public entity, City of Ceres, itself and the Chief must be dismissed

13   from this litigation in his official capacity. *Kentucky v. Graham*, 473 U.S. 159

14   (1985)["an official capacity suit is ... to be treated as a suit against the entity .. It is

15   *not* a suit against the official personally ..."].

16   "[W]hen both an officer and the local government entity are named in a lawsuit

17   and the officer is named in his official capacity only, the officer is a redundant

18   defendant and may be dismissed." *Luke v. Abbot*, 954 F. Supp. 202, 203 (C.D. Cal.

19   1997); See also *Hillblom v. County of Fresno*, 539 F. Supp. 2d 1192, 1202 (E. D. Cal.

20   2008).

21   Regarding the individual liability of Chief Smith, Plaintiffs have failed to

22   allege any causes of action against Chief Smith in his individual capacity or any

23   personal participation of the Chief as it relates to decedent Nicholas A. Pimentel's or

24   Plaintiff Maria Pilar Rivera's alleged constitutional violations.  "Liability under

25   section 1983 arises only upon a showing of personal participation by the defendant."

26

27   [1]However, the Court should note that Plaintiffs have failed to enumerate any actual *Monell*

28   causes of action in their Complaint and have only set forth allegations relating to possible *Monell*

     liability.  Plaintiffs have failed to allege any causes of action against Chief Smith individually.

4

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983."  *Id.*  Citing to *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

All of Plaintiffs' claims in this regard are alleged only as issues with policies, customs, or practices or the lack thereof.  To the extent that Plaintiffs seek to impute knowledge of other constitutional violations or establish a custom or practice, there must actually have been a finding of constitutional violations, simply listing off the names of several settled lawsuits with allegations of violations and/or unsettled pending litigation does not provide such findings.  (Dkt. No. 1, ¶¶45(i)-(iii)).

As such, because Plaintiffs have sued the City of Ceres, the Chief must be dismissed in his official capacity with prejudice.  Because Plaintiffs have failed to allege any claims against the Chief in his individual capacity, the Chief must be dismissed in his individual capacity as well as further discussed in XI(C) below.

## V.  PLAINTIFFS' FOURTH AND FIFTH CAUSES OF ACTION ARE DUPLICATIVE AND ARE ALLEGED BY PARTIES THAT LACK STANDING TO BRING SUCH CLAIMS

Plaintiffs Fourth cause of action is alleged by A.D.P. and Estate of Diane L. Pimentel, the minor son and estate of the deceased mother of decedent, for violations of their right of intimate association under the Fourteenth Amendment.  (Dkt. No. 1, ¶¶64, 66).  Plaintiffs' Fifth cause of action is alleged by A.D.P., Estate of Diane L. Pimentel, Maria Pilar Rivera, Summer Pimentel, Matthew Pimentel, Travis Pimentel and Derek Pimentel, the minor son, estate of the deceased mother, girlfriend, sister and brothers of decedent, for violations of their right of intimate association under the First and Fourteenth Amendments.  (Dkt. No. 1, ¶¶69, 71).

Such claims are analyzed "in the same manner regardless of whether we characterize it under the *First* or *Fourteenth Amendments* ..."  *Mann v. City of*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

*Sacramento*, 2018 U.S. App. LEXIS 25462, *6, ___ Fed. Appx. ___, (9th Cir. 2018). As such, these claims are duplicative of one another.  Further, as set forth and argued herein, such claims are available only to Plaintiff A.D.P., the minor son of decedent, and all other Plaintiffs must be dismissed from these claims.

### A.    Plaintiffs' Fifth Cause of Action is Duplicative of their Fourth Cause of Action and Must be Dismissed

Plaintiffs bring two causes of action alleging the right of intimate assocation under the Fourteenth (fourth claim) and First (fifth claim) Amendments.  Those claims are duplicative of one another, to wit, "we analyze the right of intimate association in the same manner regardless whether we characterize it under the *First* or *Fourteenth Amendments* ..." *Mann*, *supra*, at *6.  As such, Plaintiffs' Fifth claim for relief must be dismissed with prejudice.

### B.    Estate of Diane L. Pimentel Lacks Standing to Bring Claims Under Either Cause of Action

The claims of decedent's mother, Diane L. Pimentel, were not filed by his mother, but were instead filed by a creature of state law, the Estate of Diane L. Pimentel.  (Dkt. Nos. 1 and 1-3).

"Although *§ 1983* allows a parent to recover damages for the state's interference with the 'constitutionally protected liberty interest in the companionship and society of his or her child,' ... this right does not extend to other family members ... or 'creature[s] of state law.'" *Piper v. Cabillo*, 670 Fed. Appx. 507, 507 (9th Cir. 2016); Citing *Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985) and *Backlund v. Barnhart*, 778 F.2d 1386, 1390 (9th Cir. 1985).  Further, *Cal. CCP §* 377.60 specifically provides that claims based upon the wrongful death of another may be asserted only by certain surviving family members.

Further, Plaintiffs have failed to provide any authority regarding the standing of Estate of Diane L. Pimentel as it relates to the causes of action alleged by that estate.  Plaintiffs' bear the burden of demonstrating the Court's subject matter

6

1    jurisdiction, to wit, "Federal courts are courts of limited jurisdiction ... It is to be

2    presumed that a cause lies outside this limited jurisdiction ... and the burden of

3    establishing the contrary rest upon the party asserting jurisdiction." *Kokkonen v.*

4    *Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 378 (1994).

5        Estate of Diane L. Pimentel must not only be dismissed as a party from the

6    Fourth and Fifth claims for relief, but this estate must be dismissed from this

7    litigation entirely as set forth herein.

8        **C.    The Brothers, Sister and Girlfriend of Decedent Lack Standing to**

9             **Bring Claims Under Either Cause of Action**

10        Certain Plaintiffs have been identified as the siblings and girlfriend of decedent

11    Nicholas A. Pimentel.  Those Plaintiffs are Maria Pilar Rivera (girlfriend), Summer

12    Pimental (sister), Matthew Pimentel (brother), Travis Pimentel (brother) and Derek

13    Pimentel (brother).  (Dkt. No. 1, ¶¶8-12).  These parties bring multiple claims

14    throughout this lawsuit, including the Fifth cause of action for the right of intimate

15    association under the First Amendment.

16        As set forth above, "[b]ecause we analyze the right of intimate association in

17    the same manner regardless of whether we characterize it under the *First* or

18    *Fourteenth Amendments*, *Ward* necessarily rejected any argument that adult, non-

19    cohabitating siblings enjoy a right to intimate association." *Mann*, *supra*, at *6.

20        In fact, "[f]ew close relationships - even between blood relatives - can serve as

21    a basis for asserting ... loss of companionship claims."  *Wheeler v. City of Santa*

22    *Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018); Citing *Ward v. City of San Jose*, 967

23    F.2d 280, 284 (9th Cir. 1991).  While "[a] decedent's parents and children generally

24    have the right to assert substantive due process claims under the *Fourteenth*

25    *Amendment*" *Hayes v. County of San Diego*, 736 F.3d 1223, 1229-30 (9th Cir. 2013),

26    "this right does not extend to other family members." *Piper*, *supra*, at 507.

27        Plaintiffs Maria Pilar Rivera, Summer Pimentel, Matthew Pimentel, Travis

28    Pimentel and Derek Pimentel must not only be dismissed from the Fifth claim for

7

1    relief, but, with the exception of Maria Pilar Rivera, these Plaintiffs must be

2    dismissed from this litigation entirely as set forth herein.

3    **VI.    PLAINTIFFS' SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION**

4    **BROUGHT UNDER ARTICLE I § 13 OF THE CALIFORNIA**

5    **CONSTITUTION MUST BE DISMISSED WITH PREJUDICE**

6    Plaintiffs Estate of Nicholas A. Pimentel and/or Maria Pilar Rivera bring their

7    Sixth (unreasonable force), Seventh (false arrest/imprisonment) and Eighth

8    (unreasonable entry/search) causes of action for violation of their rights secured by

9    Article I, § 13 of the California Constitution.  (Dkt. No. 1, ¶¶76, 77, 83, 90).

10   However, "Plaintiff[s'] claims under California Constitution Article I, Section

11   13, are not viable because that provision does not provide a cause of action for

12   monetary damages." *Ohlsen v. County of San Joaquin*, 2008 U.S. Dist. LEXIS 44566

13   (E.D. Cal. June 3, 2008); Citing *Brown v. County of Kern*, 2008 U.S. Dist LEXIS

14   14216, *50 (E.D. Cal. Feb. 26, 2008)("Neither the plain language of the article I,

15   section 13, nor the available legislative history indicate an intent on behalf of the

16   California Legislature to permit the recovery of monetary damages for its violation.")

17   See also *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1115 (E.D. Cal.

18   2012)("California law does not provide for a direct cause of action for damages for

19   violation of the California Constitutional protection against unreasonable searches

20   and seizures") and *Rivera v. Cty. of San Diego*, 2016 U.S. Dist. LEXIS 194314, *27

21   (C.D. Cal. Dec. 5, 2016)("the Court dismisses Plaintiff's damages claim under Art.

22   I, § 13 of the California Constitution because California law does not recognize this

23   cause of action.")

24   Therefore, Plaintiffs' Sixth, Seventh and Eighth causes of action, alleged as

25   claims under California Constitution Article I, Section 13, must be dismissed.

26   "Because it would be impossible to award Plaintiff relief under this claim, the Court

27   finds that amendment would be futile."  *Rivera* at *27.  As such, these causes of

28   action must be dismissed with prejudice.

8

## VII.   PLAINTIFFS, OTHER THAN ESTATE OF NICHOLAS A. PIMENTEL AND MARIA PILAR RIVERA, HAVE NO VIABLE CLAIMS UNDER THE BANE ACT

Plaintiffs' Ninth claim for violations of the *Bane Act* (*Cal. Civ. Code* § 52.1(b)) "is asserted by Plaintiffs Estate of Nicholas A. Pimentel, A.D.P., Estate of Diane L. Pimentel, Maria Pilar Rivera, Summer Pimentel, Matthew Pimentel, Travis Pimentel, and Derek Pimentel" (Dkt. No. 1, ¶95) for alleged violations against decedent Nicholas A. Pimentel and his girlfriend Maria Pilar Rivera.  (Dkt. No. 1, ¶¶97-117). During the meet and confer process, Plaintiffs' counsel stated that the allegations in these paragraphs were related to their cause of action for Bane Act violations and were not an attempt to allege separate, and duplicative, causes of action.

However, "[t]he Bane Act ... provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion, with the exercise or enjoyment' of any constitutional or statutory right ... It clearly provides for a ***personal* cause of action for the victim** of a hate crime ... it is limited to plaintiffs **who themselves** have been the subject of violence or threats." *Bay Area Rapid Transit District v. Superior Court of Alameda County*, 38 Cal. App. 4th 141, 144 (9th Cir. 1995) (emphasis added).

A claim for violation of *Civil Code* § 52.1 "permits an **individual** to sue for damages where his or her constitutional rights are violated." *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1085-86 (9th Cir. 2003) (emphasis added).

In other words, the Bane Act does not provide a right of action for anyone other than decedent Nicholas A. Pimentel and Maria Pilar Rivera, as it relates to their own personal cause of action as the individuals who were actually subjected to the alleged violence, threats or intimidation alleged to have interfered with their constitutional rights as set forth by the authority in *Bay Area Rapid Transit District*.

Further, the Bane Act requires more than a Constitutional violation, it requires the specific intent to deprive a person of a violation of the Constitutional right

9

alleged. *Reese v. City of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). In the present matter, such allegations are raised only with regard to Plaintiffs Estate of Nicholas A. Pimentel and Maria Pilar Rivera, however, there are no such allegations as it relates to Plaintiffs  A.D.P., Estate of Diane L. Pimentel, Summer Pimentel, Matthew Pimentel, Travis Pimentel, and Derek Pimentel.

As such, this cause of action must be dismissed with prejudice as it relates to Plaintiffs A.D.P., Estate of Diane L. Pimentel, Summer Pimentel, Matthew Pimentel, Travis Pimentel and Derek Pimentel.

Because the brothers and sister of decedent, Summer Pimentel, Matthew Pimentel, Travis Pimentel and Derek Pimentel, have failed to allege any claims upon which relief may be granted, these Plaintiffs must be dismissed from this litigation. Such dismissal should be with prejudice because further amendment would be futile.

In addition, because the Estate of Diane L. Pimentel has also failed to allege any claims upon which relief may be granted, this Plaintiff must be dismissed from this litigation.  Again, such dismissal should be with prejudice because further amendment would be futile.

## VIII.  PLAINTIFF ESTATE OF NICHOLAS A. PIMENTEL FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO THE TWELFTH CAUSE OF ACTION FOR TRESPASS

Plaintiffs Estate of Nicholas A. Pimentel and Maria Pilar Pimentel allege a Twelfth cause of action, under State common law, for trespass for allegedly entering Plaintiffs' "property, without a warrant, probable cause, or permission ..." (Dkt. No. 1, ¶¶130, 132). Plaintiffs allege that the entry occurred "following the shooting ... for pre-textual evidence that might justify the shooting." (Dkt. No. 1, ¶40).

However, *Cal. CCP* § 377.34 provides that "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death." As such, Plaintiff Estate of Nicholas A. Pimentel has failed to state a cause of action for trespass upon which relief may be granted because damages are not recoverable

1  on this claim.  Therefore, Plaintiff Estate of Nicholas A. Pimentel must be dismissed

2  from Plaintiffs' Twelfth cause of action with prejudice.

3  **IX.   PLAINTIFF MARIA PILAR RIVERA FAILS TO STATE A CLAIM**

4  **UPON WHICH RELIEF MAY BE GRANTED AS TO THE FIFTEENTH**

5  **CAUSE OF ACTION FOR WRONGFUL DEATH**

6      Plaintiffs' Fifteenth cause of action, under State law, for wrongful death "is

7  asserted by Plaintiffs A.D.P. and Maria Pilar Rivera ..." (Dkt. No. 1, ¶149[2]).  Plaintiff

8  A.D.P. is identified as the minor son and sole successor-in-interest with rights

9  superior to all others.  (Dkt. No. 1, ¶6; Dkt. No. 1-2) while decedent's girlfriend,

10  Maria Pilar Rivera, is identified as the "domestic partner" of decedent.  (Dkt. No. 1,

11  ¶8).

12      *Cal. CCP* § 377.60 provides that "a cause of action for the death of a person

13  caused by the wrongful act or neglect of another may be asserted by ... [t]he

14  decedent's surviving spouse, domestic partner, children, and issue of children, or, if

15  there is no surviving issue of the decedent, the persons, including the surviving

16  spouse or domestic partner, who would be entitled to the property of the decedent by

17  intestate succession."

18      *Cal. CCP* §§ 377.60(f)(1) and (2) provide that, for deaths occurring after

19  January 1, 2002, "'domestic partner' means a person who, at the time of the

20  decedent's death, was the domestic partner of the decedent in a <u>registered domestic</u>

21  <u>partnership established in accordance with subdivision (b) of Section 297 of the</u>

22  <u>Family Code</u>."  (Emphasis added).

23      *Cal. Fam. Code* § 297(b) provides that "[a] domestic partnership shall be

24  established in California when both persons file a Declaration of Domestic

25  Partnership with the Secretary of State pusuant to this division, and, at the time of

26  filing, all of the following requirements are met ..." including that "[b]oth persons are

27  members of the same sex."  *Cal. Fam. Code* § 297(b)(4)(A).  *Cal. Fam. Code* §

28

[2]Erroneously identified as the Eighth claim.  (Dkt. No. 1, ¶149).

11

297(b)(4)(B) further provides that "[n]otwithstanding any other provision of this section, <u>persons of opposite sexes may not constitute a domestic partnership unless one or both of the persons are over 62 years of age</u>." (Emphasis added).

As set forth above, standing is Plaintiffs' burden to prove, and in the present matter, Plaintiff Maria Pilar Rivera did not file any declaration or other evidence that she and decedent were in a registered domestic partnership at the time of decedent's death as required by *Cal. CCP* §§ 377.60(f)(1) and (2) and *Cal. Fam. Code* § 297(b).

Further, such a registered domestic partnership would have been impossible because decedent Nicholas A. Pimentel is identified as being a 27 year old unmarried male at the time of his death (Dkt. No. 1-2, Exhibit A) and decedent Nicholas A. Pimentel is identified as a male and Maria Pilar Rivera is identified as a female, to wit, "Nicholas A. Pimentel told Plaintiff Maria Pilar Rivera that **he** loved **her**." (Dkt. No. 1, ¶ 34)(emphasis added). The age and sex of decedent and Plaintiff Maria Pilar Rivera preclude them from having been able to enter into a registered domestic partnership under California law. *Cal. Fam. Code* §§ 297(b)(4)(A) and (B).

As such, Plaintiffs' Fifteenth cause of action for wrongful death must be dismissed as to the claims of Plaintiff Maria Pilar Rivera's. Such dismissal should be with prejudice because any amendment would be futile.

## X.   PLAINTIFFS' DUPLICATIVE, SUPERFLUOUS AND UNNECESSARY ALLEGATIONS AT PAGES 17 THROUGH 22 SHOULD BE DISMISSED AND/OR STRICKEN

Between their Ninth and Tenth causes of action, specifically at pages 17 through 22, Plaintiffs' appear to have alleged duplicative claims for "Unreasonable Force," "False Arrest/Imprisonment," "Unreasonable Entry/Search," "Right of Familial Association, Companionship, and Society," and "Right of Association, Companionship, and Society." However, during the meet and confer process, Plaintiffs' counsel, Paul H. Masuhara, stated that these allegations are made in support of Plaintiffs' Ninth cause of action for violation of the Bane Act.

12

1    This Court has authority to strike redundant, immaterial, impertinent, or

2  scandalous matter from the pleadings.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618

3  F.3d 970, 973 (9th Cir. 2010), *quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527

4  (9th Cir. 1993).  "Superfluous historical allegations are [also] a proper subject of a

5  motion to strike."  *Fantasy* at 1527.

6    Regardless of whether the claims are duplicative of existing claims, or

7  repetitive allegations to support Plaintiffs' Bane Act claim, the superfluous

8  allegations at paragraphs 97 through 117 of the Complaint should be dismissed as

9  duplicative or, in the alternative, stricken from the pleadings.

10  **XI.    PLAINTIFFS' *MONELL* CLAIMS FAIL TO STATE A CLAIM UPON**

11  **WHICH RELIEF MAY BE GRANTED**

12    Plaintiffs allege that the unreasonable force against Nicholas A. Pimentel and

13  Maria Pilar Rivera resulted because Defendants Venn and Bays "were inadequately

14  trained, supervised, or disciplined ..." (Dkt. No. 1, ¶¶44, 51, 77, 98, ) and,

15  confusingly, that the inadequate training was the result of "either the lack of proper

16  training, pursuant to policy, or the result of the lack of policy concerning the use of

17  excessive and unreasonable force against persons contacted." (Dkt. No. 1, ¶¶44, 51).

18  Plaintiffs also label their allegations as "Municipal & Supervisory Liability

19  Allegations" (Dkt. No. 1, 7:1) but allege only policy issues regarding training.

20    When an individual sues a local government for violation of his constitutional

21  rights, the municipality is liable only if the individual can establish that the

22  municipality "had a deliberate policy, custom, or practice that was the 'moving force'

23  behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477

24  F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

25  694-95 (U.S. 1978)).

26    Pursuant to the holding in *Monell*, a local government is not liable under 42

27  USC § 1983 for a deprivation of plaintiff's constitutional interests unless "some

28  official policy, '**causes**' an employee to violate another's **constitutional rights** ... that

13

1  language cannot be easily read to impose liability vicariously on governing bodies

2  solely on the basis of the existence of an employer-employee relationship with a

3  tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (emphasis

4  added).  "[A] municipality cannot be held liable under § 1983 on a *respondeat*

5  *superior* theory." *Monell* at 691.

6         As set forth above, Plaintiffs allege that a policy, or lack thereof, regarding

7  training has resulted in inadequate training, supervision, or discipline.  None of

8  Plaintiffs' allegations state sufficient factual allegations to support a *Monell* claim.

9  **A.    Plaintiffs' *Monell* Claim Based on Training Fails to State a Claim**

10         **Upon which Relief may be Granted**

11         A local government entity "may not be sued under § 1983 for an injury

12  inflicted solely by its employees or agents." *Monell v. Department of Social Services*,

13  436 U.S. 658, 694 (1978).  A municipality is liable only if the individual can establish

14  that the municipality "had a deliberate policy, custom, or practice that was the

15  'moving force' behind the constitutional violation he suffered."  *Id*. at 694-95;

16  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *Galen v. Cty. of Los Angeles*,

17  477 F.3d 652, 667 (9th Cir. 2007).  To hold a public entity liable, a plaintiff must

18  demonstrate that the unlawful governmental action was part of the public entity's

19  policy or custom, and that there is a nexus between the specific policy or custom and

20  the plaintiff's injury.  *Monell* at 694-695.

21         To withstand a motion for judgment on the pleadings, allegations in a

22  complaint "may not simply recite the elements of a cause of action, but must contain

23  sufficient allegations of underlying facts" and those facts "must plausibly suggest an

24  entitlement to relief." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th

25  Cir. 2012).  Plaintiff is required "to identify a municipal 'policy' or 'custom' that

26  caused the plaintiff's injury." *Bd. of Cnt. Comm'rs v. Brown*, 520 U.S. 397, 403

27  (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81

28  (1986) and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

14

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," and the policy was "the moving force [behind] the constitutional violation." *Bd. of Cnt. Comm'rs*, *supra*, at 388-389. "[T]he need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably said to have been deliberately indifferent to the need." *Id*. at 390.

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* ..." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989). Sporadic and unrelated incidents are also insufficient to impose liability under *Monell*. *Cangress v. City of Los Angeles*, 2016 U.S. Dist. LEXIS 192571, *20 (C.D. Cal. Mar. 22, 2016); *Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988); *Henderson v. City & Cty. of San Francisco*, 2006 U.S. Dist. LEXIS 87262, *23 (N.D. Cal. Dec. 1, 2006).

In asserting a *Monell* failure-to-train theory, the Plaintiffs are required to "identif[y] the challenged policy/custom, explai[n] how the policy/custom was deficient, explai[n] how the policy/custom caused the [decedent's] harm, and reflec[t] how the policy/custom amounted to deliberate indifference, i.e. explai[n] how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

As set forth above, Plaintiffs' allegations fall far short, alleging only that inadequate training resulted in the use of unreasonable force which then resulted in the violation of Nicholas A. Pimentel and Maria Pilar Rivera's rights. "In light of Iqbal, it would seem that the prior Ninth Circuit pleading standard for Monell claims (i.e. 'bare allegations') is no longer viable." *Id*. at 1148.

Other courts in this circuit have held that such generic and conclusory allegations, as alleged by the Plaintiffs here, are insufficient under *Iqbal* to state a

15

1   claim for relief.  See e.g. *Jarreau-Griffin v. City of Vallejo*, 2013 U.S. Dist. LEXIS
2   172886, *20 (E.D. Cal. Dec. 9, 2013)["Plaintiffs' allegations track the elements of a
3   claim for municipal liability ... [b]ut they do not plead with specificity the
4   inadequacies of City's training practices"; *Canas v. City of Sunnyvale*, 2011 U.S.
5   Dist. LEXIS 4942, *17-18 (N.D. Cal. Jan. 19, 2011)["Plaintiffs allege no facts
6   supporting their conclusion that the City maintains an official policy of subjecting
7   people to the unreasonable use of force or failing to train employees adequately in the
8   use of deadly force, nor do Plaintiffs explain how the alleged policies led Officers []
9   to deprive the Decedent of his Fourth Amendment rights"]; *Mong Kim Tran v. City*
10  *of Garden Grove*, 2012 U.S. Dist. LEXIS 15606, *11 (C.D. Cal. Feb. 7, 2012)["Like
11  the *Young* and *Canas* plaintiffs, Plaintiff does not plead with any specificity what the
12  insufficient practices were, how they were deficient, or how they specifically caused
13  Plaintiff harm.  Plaintiff's threadbare assertions in the FAC are insufficient"]; and
14  *Duenas v. Cty. of Imperial*, 2015 U.S. Dist. LEXIS 182191, *9-10 (S.D. Cal. Mar. 9,
15  2015) ["Plaintiff's list contains no 'allegations of underlying facts,' and therefore has
16  failed to meet the federal pleadings standard"].

17      In the present matter, Plaintiffs' allegations are insufficient to survive a Rule
18  12 motion and Plaintiffs' *Monell* claims must be dismissed.

19      **B.    Plaintiffs' Allegations of a Lack of Policy Fail to State a Claim Upon**
20          **which Relief may be Granted**

21      To the extent that Plaintiffs are alleging a lack of policy caused the alleged
22  constitutional violations, not only does such an argument suffer the same deficiencies
23  as those set forth above, such an argument also amounts to allegations of a single
24  incident of unconstitutional activity which is insufficient to impose liability under
25  *Monell*.  *Tuttle*, *supra*, at 823-24.

26      In addition, Plaintiffs' listed of the names of several lawsuits in their Complaint
27  (Dkt. No. 1, ¶¶45(i)-(iii)) that resulted in no finding of any constitutional violations
28  because they were either settled or are pending litigation.  "[L]awsuits alone are

16

1  unsubstantiated allegations that are not evidence of an unconstitutional policy."
2  *Cangress*, *supra*, at \*23-24. This too is insufficient to impose liability under *Monell*
3  because this is not evidence of any constitutional violation and cannot serve as a basis
4  for a "persistent and widespread" policy that the City has established practices that
5  led to Plaintiffs' injuries. Even if they could, sporadic and unrelated incidents are
6  insufficient to impose liability under *Monell*. *Cangress*, *supra*, at \*20.

7  As such, Plaintiffs' *Monell* claim based upon allegations of a lack of policy
8  fails to state a claim upon which relief may be granted and City of Ceres is entitled
9  to dismissal of this claim.

10  **C.  Plaintiffs' *Monell* Claim Based on Supervisory Liability Fails to**
11  **State a Claim Upon which Relief may be Granted**

12  "A defendant may be held liable as a supervisor under § 1983 'if there exists
13  either (1) his or her personal involvement in the constitutional deprivation, or (2) a
14  sufficient causal connection between the supervisor's wrongful conduct and the
15  constitutional violation.'" [citations omitted]. *Starr v. Baca*, 652 F.3d 1202, 1207
16  (9th Cir. 2010). In other words, section 1983 actions can be maintained against
17  supervisors "as long as a sufficient causal connection is present." *Id*.

18  With regard to the requisite causal connection, "[a] supervisor can be liable in
19  his individual capacity for his own culpable action or inaction in the training,
20  supervision, or control of his subordinates; for his acquiescence in the constitutional
21  deprivation; or for conduct that showed a reckless or callous indifference to the rights
22  of others." *Id*.

23  As set forth above in Section IV, Plaintiffs have failed to identify any personal
24  involvement of Chief Brent Smith and have failed to allege a causal connection
25  between any wrongful conduct of Chief Brent Smith and the constitutional violations
26  alleged. As such, Plaintiffs' *Monell* claim based upon supervisory liability fails to
27  state a claim upon which relief may be granted and Chief Brent Smith is entitled to
28  dismissal of this claim and dismissal from this litigation.

17

## XII.  CONCLUSION

As set forth and argued above, this Court should properly dismiss Defendants Ceres Police Department and Chief Brent Smith from this litigation and should properly dismiss Plaintiffs' Summer Pimentel, Matthew Pimentel, Travis Pimentel, Derek Pimentel and Estate of Diane Pimentel which all lack standing to bring the claims alleged by them.

Plaintiffs' *Monell* claims are insufficient to survive a motion to dismiss (and, therefore, insufficient to survive a motion for judgment on the pleadings) and must be dismissed.

Plaintiffs' Sixth, Seventh and Eighth claims alleging violations of Article I, Section 13 of the California Constitution must be dismissed with prejudice as such violations do not provide for monetary damages and California law does not recognize such causes of action.

Plaintiff Estate of Nicholas A. Pimentel lacks standing to bring a claim for a post-death trespass and that claim must be dismissed and Plaintiff Maria Pilar Rivera is not a "domestic partner" under California law and her claims of wrongful death and loss of familial relations must also be dismissed.

Defendants respectfully request an order of this Court for the relief sought herein and GRANTING Defendant's motion for judgment on the pleadings its entirety and without further leave to amend.


DATED: February 19, 2019          FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen, SBN 263651
Attorneys for Defendant City of Ceres, Ceres Police
Department, Brent Smith, Darren Venn and Ross
Bays

18

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On February 19, 2019, I served the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER;** on the interested parties in this action:

A. Peter Rausch, Jr., Esq.
Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106
Lodi, CA 95242
Attorney for Plaintiffs

Paul H. Masuhara, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Attorney for Plaintiffs

____ (By Mail)   I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 19, 2019, at Santa Ana, California.

/s/ Cathy Sherman
Cathy Sherman

19