1  **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
   BRUCE D. PRAET SBN 119430
2  bpraet@aol.com
   ALLEN CHRISTIANSEN SBN 263651
3  achristiansen@law4cops.com
   1631 E. 18th Street
4  Santa Ana, California 92705
   (714) 953-5300 • Fax (714) 953-1143
5

6  Attorneys for Defendants
   CITY OF CERES, CERES POLICE DEPARTMENT,
7  BRENT SMITH, DARREN VENN and ROSS BAYS

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 ESTATE OF NICHOLAS A.            )   No.  1:18-cv-01203-DAD-EPG
   PIMENTEL, A.D.P., ESTATE OF      )
12 DIANE L. PIMENTEL, MARIA         )   Hon. Dale A. Drozd
   PILAR RIVERA, SUMMER             )
13 PIMENTEL, MATTHEW                )   **MEMORANDUM OF POINTS**
   PIMENTEL, TRAVIS PIMENTEL        )   **AND AUTHORITIES IN**
14 and DEREK PIMENTEL,              )   **SUPPORT OF MOTION TO**
                                    )   **DISMISS FIRST AMENDED**
15              Plaintiffs,         )   **COMPLAINT**
                                    )
16      vs.                         )   [FRCP Rule 12(b)]
                                    )
17                                  )
   CITY OF CERES, CERES POLICE      )   Date      : September 17, 2019
18 DEPARTMENT, BRENT SMITH,         )   Time      : 9:30 a.m.
   DARREN VENN, ROSS BAYS, and      )   Courtroom : 5 - 7th Floor
19 DOES 1 to 50,                    )
                                    )
20              Defendants.         )
   _____ )
21

22

23

24

25

26

27

28 *///*

                              1
   _____
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
        MOTION TO DISMISS FIRST AMENDED COMPLAINT

1
2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>
## <u>IN SUPPORT OF MOTION TO DISMISS FAC</u>

3

## I.    INTRODUCTION AND FACTS

4

Plaintiffs brought this action for damages resulting from an officer involved

5

shooting that occurred in the early morning hours of October 22, 2017, wherein

6

decedent Nicholas A. Pimentel, with his girlfriend Maria Pilar Rivera as a

7

passenger, fled from police officers requiring officers to conduct a Pursuit

8

Intervention Technique ("PIT") on Pimentel's vehicle.  (Dkt. No. 1, ¶¶20-31).

9

On February 19, 2019 Defendants brought a motion for judgment on the

10

pleadings as to Plaintiff's Complaint.  (Dkt. No. 18).  On June 25, 2019, this Court

11

ruled on Defendants' motion and, in particular, dismissed the First Amendment

12

Familial Association claim as to Maria Pilar Rivera and Derek Pimental, among

13

others, and dismissed all claim against Defendant Brent Smith.  The dismissals

14

were with leave to amend.  (Dkt. No. 24).

15

On July 16, 2019, Plaintiffs filed a First Amendment Complaint ("FAC")

16

and realleged the same First Amendment Familial Association claim as to Maria

17

Pilar Rivera and Derek Pimental that had been previously dismissed and the same

18

claims against Defendant Brent Smith that had previously been dismissed.  (Dkt.

19

No. 28).

20

There were no additional factual allegations in the FAC to support these

21

particular claims and Defendants now move to dismiss the FAC as to all causes of

22

action alleged against Brent Smith and as to the Fifth Cause of Action alleged by

23

Maria Pilar Rivera and Derek Pimentel for the reasons set forth herein.

24

Because these claims were previously dismissed with leave to amend, and

25

because Plaintiffs alleged the same claims without any factual allegations to

26

support those claims, the motion to dismiss should be granted without further

27

leave to amend.

28

///

2

## II.    LEGAL STANDARD

In considering a motion to dismiss, "'All allegations of material fact [in the complaint] are taken as true and construed in the light most favorable to the nonmoving party.' ... Although 'conclusory allegations of law and unwarranted inferences are insufficient' to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (2009); Citing *Silvas v. E\*trade Mortgage Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008) and *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005).

While "'a complaint need not contain detailed factual allegations ... **it must plead 'enough facts to state a claim to relief that is plausible on its face**.'" *Id.* at 1067-8 (emphasis added); Citing *Weber v. Department of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).

"[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation' ... Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and **a formulaic recitation of the elements of a cause of action will not do**." *Twombly* at 555 (emphasis added.)

"While legal conclusions can provide the framework of a complaint, they **must be supported by factual allegations**." *Aschroft v. Iqbal*, 556 U.S. 662, 664 (U.S. 2009) (emphasis added.)

In other words, the complaint must state enough facts to provide a cognizable claim for relief.  A complaint that simply recites the elements of a cause of action, provides only conclusory allegations or fails to allege facts

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   sufficient to state a claim for relief is not sufficient to survive a motion to dismiss

2   or, in this case, a motion for judgment on the pleadings.

3   **III.    PLAINTIFFS' HAVE ALLEGED NO CLAIMS UPON WHICH**

4   **RELIEF MAY BE GRANTED AS TO CHIEF BRENT SMITH AND**

5   **HE MUST BE DISMISSED FROM THIS LITIGATION**

6   In response to Defendants' Motion for Judgment on the Pleadings, this

7   Court previously dismissed Plaintiffs' claims against Defendant Brent Smith, to

8   wit, "plaintiffs' complaint contains insufficient factual allegations against

9   defendant Smith to state a claim for relief.  Accordingly, judgment as to all claims

10  against defendant Smith will be granted with leave to amend ... Judgment is

11  granted with respect to all causes of action against defendant Smith with leave to

12  amend."  (Dkt. No. 24 at 22).

13  On July 16, 2019, Plaintiffs filed a First Amended Complaint ("FAC")

14  making the same allegations and alleging the same claims against Defendant

15  Smith.  As such, Defendant Brent Smith should be dismissed from this litigation

16  with prejudice.

17  Once again, Plaintiffs identify Defendant Brent Smith as "the Chief of

18  Police of Defendants City of Ceres and Ceres Police Department" and further

19  allege that "Defendant Brent Smith is sued in his individual capacity."  (Dkt. No.

20  1, ¶15; Dkt. No. 28, ¶12).

21  Despite the fact that Chief Smith is being sued only in his individual

22  capacity (Dkt. No. 28, ¶12; Dkt. No. 24 at 21:22-22:2) Plaintiffs continue to

23  improperly allege nearly identical *Monell* allegations against Chief Smith in the

24  FAC as those previously alleged in the initial Complaint.  (Compare Dkt. No. 1 at

25  7-9 and Dkt. No.  28 at 6-12).

26  Regarding the individual liability of Chief Smith, Plaintiffs have failed to

27  allege any causes of action against Chief Smith in his individual capacity or any

28  personal participation of the Chief as it relates to decedent Nicholas A. Pimentel's

4

1   or Plaintiff Maria Pilar Rivera's alleged constitutional violations. "Liability under

2   section 1983 arises only upon a showing of personal participation by the

3   defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is

4   only liable for constitutional violations of his subordinates if the supervisor

5   participated in or directed the violations, or knew of the violations and failed to act

6   to prevent them. There is no respondeat superior liability under section 1983." *Id*.

7   Citing to *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81

8   (9th Cir. 1984).

9          In its prior ruling on the motion for judgment as to Plaintiff's Complaint, the

10  Court ruled that:

11         "the court can find no <u>factual allegations</u> in the operative complaint
           that, if true, would demonstrate that defendant Smith took any action
12         with respect to plaintiffs. The allegations of the complaint do not
           involve any of Smith's conduct, but are instead premised solely on his
13         role as a supervisor. <u>For instance, the complaint alleges that Smith</u>
           <u>'knew or should have known that law enforcement officers under</u>
14         <u>[his] command ... were inadequately trained, supervised, or</u>
           <u>disciplined[.]' (Compl. at ¶ 51.) It then states taht these 'actions and</u>
15         <u>inactions were motivated by evil motive or intent ... ' (</u>*Id*<u>. at ¶ 52.)</u>
           Left unsaid is what defendant Smith did or failed to do. In the (*sic*)
16         absent such allegations, the court will grant defendants' motion for
           judgment on the pleadings with respect to defendant Smith." (Dkt.
17         No. 24 at 6)(emphasis added).

18
19         The general allegations in the FAC are the same as those in the Complaint

20  that the Court found insufficient to state a claim against Chief Smith. (See Dkt.

21  No. 28 at ¶¶ 56-58, 82-84, 101-103, etc.). Like the Complaint, there are still no

22  factual allegations in the FAC that "would demonstrate that defendant Smith took

23  any action with respect to plaintiffs" and Defendant Smith must be dismissed from

24  this litigation, this time with prejudice.

25
26
27
28
                                            5

## IV.   PLAINTIFFS' FIFTH CAUSE OF ACTION MUST BE DISMISSED AS IT RELATES TO MARIA PILAR RIVERA AND DEREK PIMENTEL

In ruling on Defendants' motion for judgment on the pleadings, this Court held that "Ninth Circuit caselaw is clear that siblings of a decedent lack standing to allege familial association claims under the due process clause" and that "the right of intimate association is analyzed 'in the same manner regardless whether we characterize it under the First or Fourteenth Amendments.' ... In light of the decision in *Mann*, the decision in *Ward* governs all claims alleging a deprivation of the rights of association, companionship, and society, including claims under the First Amendment."  (Dkt. No. 24 at 9-10).

This Court went on to rule that "[a]ccordingly, judgment on the claims for familial association under the First Amendment brought by plaintiffs Maria Pilar Rivera ... and Derek Pimentel will be granted in favor of defendants.  However, plaintiffs will be granted leave to amend in the event they believe they can plead additional facts satisfying the requirements for a cognizable claim under *Ward*."  (Dkt. No. 24 at 10).

Plaintiffs have plead no additional factual allegations to support such a claim for Maria Pilar Rivera and Derek Pimentel.  The only allegations that Plaintiffs appear to have added to the FAC are that Plaintiff Maria Pilar Rivera was Nicholas A. Pimentel's "significant other of three years," and that "Plaintiff MARIA PILAR RIVERA cohabitated with NICHOLAS A. PIMENTEL at the time of his death" and "Plaintiff DEREK PIMENTEL cohabitated with NICHOLAS A. PIMENTEL at the time of his death."  (Dkt. No. 28 at ¶¶8-9).

There are no factual allegation here to support the claim for relief alleged.  Indeed, the Ninth Circuit in *Mann* held that such allegations were insufficient to state a claim for relief, to wit:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

"First, Plaintiffs have not pleaded sufficient facts to show that they and [the decedent] shared an 'expressive association' right protected by the First Amendment ... sufficient facts to show that any of them shared an 'intimate association' right protected under the First or Fourteenth Amendments.  Plaintiffs have not alleged specific facts sufficient to show that any of them shared with [the decedent] a relationship of a type discussed in *Board of Directors v. Rotary International v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987), and its progeny ... Nor did they allege specific facts about the 'objective characteristics' of their relationships with [the decedent] to show that they were nonetheless the sort of relationships that 'warrant constitutional protection.'  Therefore the complaint's conclusory and formulaic recitation of language from *Rotary Club* [is] not sufficient to plead a right of intimate association protected by the First Amendment." *Mann v. City of Sacramento*, 748 Fed. Appx. 112, 114-115 (9th Cir. 2018).

Plaintiffs' conclusory and formulaic addition of essentially a single sentence that Maria Pilar Rivera and Derek Pimentel cohabitated with Nicholas A. Pimentel at the time of his death is insufficient to state a claim for a right of intimate association and Defendants' motion must be granted without further leave to amend.

## V.    CONCLUSION

As set forth and argued above, this Court should properly dismiss Defendants Ceres Police Department and Chief Brent Smith from this litigation and should properly dismiss Plaintiff Maria Pilar Rivera's and Derek Pimentel's claim for intimate association set forth as their Fifth cause of action.

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    Defendants respectfully request an order of this Court for the relief sought

2    herein and GRANTING Defendant's motion dismiss in its entirety and without

3    further leave to amend.

4

5    DATED: August 13, 2019          FERGUSON, PRAET & SHERMAN, APC

6                                    /s/ Allen Christiansen
                                     Allen Christiansen, SBN 263651
7                                    Attorneys for Defendant City of Ceres, Ceres
                                     Police Department, Brent Smith, Darren Venn and
8                                    Ross Bays

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4          I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

5

6          On August 13, 2019, I served the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER;** on the interested parties in this action:

7

8      A. Peter Rausch, Jr., Esq.
Law Offices of A. Peter Rausch, Jr.
9      1930 Tienda Drive, Suite 106
Lodi, CA 95242
10     Attorney for Plaintiffs

11     Paul H. Masuhara, Esq.
Law Office of Mark E. Merin
12     1010 F Street, Suite 300
Sacramento, CA 95814
13     Attorney for Plaintiffs

14

15     ____  (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

16

17     ____  (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

18

19     <u>XXX</u>  (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

20

21     <u>XXX</u>  (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23     Executed on August 13, 2019, at Santa Ana, California.

24

25                                         /s/ Cathy Sherman
                                        Cathy Sherman

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT